UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS CANDO,<br><br>      Plaintiff,<br><br>- against -<br><br>PORTLY FUN, INC. d/b/a<br>THE PORTLY VILLAGER;<br>GREGG KEGHLIAN, and<br>MARLENE KEGLIAN,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, **LUIS CANDO** ("Plaintiff"), by and through his attorneys, **ZABELL & COLLOTTA, P.C.**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking monetary damages, declaratory relief, and affirmative relief based upon violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; the New York Labor Law ("Labor Law"), N.Y. Lab. Law § 190, et seq.; the New York State Department of Labor Regulations, N.Y.C.R.R. § 142-2.2; and all other appropriate rules, regulations, statutes, and ordinances.

2. Plaintiff alleges that pursuant to the FLSA and NYLL he is entitled to recover from Defendants **PORTLY FUN, INC.** d/b/a **THE PORTLY VILLAGER, GREGG KEGHLIAN**, and **MARLENE KEGHLIAN** (collectively, "Defendants"): earned but uncompensated wages, paid at the statutorily mandated rate, for all hours worked in excess of forty (40) hours per week; earned but uncompensated "spread-of-hours" wages pursuant to N.Y.C.R.R. § 142-2.4(a); interest on all compensation

withheld by Defendants; an award of $5,000.00, the maximum penalty for violations of Labor Law § 195(1); an award of $5,000.00, the maximum penalty for violations of Labor Law § 195(3); liquidated damages; and (7) attorneys' fees and costs, where available by statute.

## II.   JURISDICTION AND VENUE

3. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

4. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, in the County of Suffolk.

6. This Court is empowered to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.   PARTIES

7. Plaintiff is a domiciliary of the State of New York residing in Suffolk County.

8. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the Labor Law, N.Y. Lab. Law § 190(2).

9. Upon information and belief, Defendant **PORTLY FUN, INC. d/b/a THE PORTLY VILLAGER** (the "Portly Villager") is a domestic limited liability company operating at 261 West Main Street, Sayville, New York 11782.

10. Upon information and belief, the Portly Villager operates as a restaurant and pub.

11. Upon information and belief, Defendant **GREGG KEGHLIAN** is a domiciliary of the State of New York residing in Suffolk County.

12. Upon information and belief, Defendant Gregg Keghlian is an owner and principal of the Portly Villager with the authority to: (A) hire and fire employees; (B) supervise and control employee work schedules and the work environment; (C) determine the rates and methods of payment of employees; (D) to maintain employment records for Defendants.

13. Upon information and belief, Defendant **MARLENE KEGHLIAN** is a domiciliary of the State of New York residing in Suffolk County.

14. Upon information and belief, Defendant Marlene Keghlian is an owner and principal of the Portly Villager with the following authority to: (A) hire and fire employees; (B) supervise and control employee work schedules and the work environment; (C) determine the rates and methods of payment of employees; and (D) maintain employment records for Defendants.

15. At all times relevant herein, each Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the Labor Law, N.Y. Lab. Law § 190(3).

16. Upon information and belief, at all times relevant herein, the Portly Villager is an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2).

17. Upon information and belief, at all times relevant herein, the Portly Villager employed more than two (2) employees and had a gross annual dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00) (exclusive of excise taxes at the retail level that are separately stated).

18. Upon information and belief, at all times relevant herein, Defendants employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. Upon information and belief, at all times relevant herein, Defendants employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 2073(b), (g), (i) and (j) in connection with the Portly Villagers' operation as a restaurant and pub.

## IV.  FACTS

20. Plaintiff repeats and realleges each and every allegation contained herein.

21. Plaintiff was hired by Defendants in 2005 to assist in the kitchen of the Portly Villager.

22. In this role, Plaintiff was responsible for prepping and cooking customer orders, as well as other general tasks as assigned.

23. Plaintiff's responsibilities did not include the supervision of other employees, nor was he responsible for hiring, firing, or employee compensation or scheduling.

4

24. Plaintiff was a "non-exempt" employee eligible for overtime premiums for all hours worked in excess of forty (40) hours a week.

25. From the date of his hire through his termination on March 12, 2020, Plaintiff regularly worked pursuant to the following schedule:

      Monday:     10:00 a.m. to 10:00 p.m.

      Tuesday:    10:00 a.m. to 10:00 p.m.

      Wednesday: 10:00 a.m. to 10:00 p.m.

      Thursday:  10:00 a.m. to 10:00 p.m.

      Friday:      10:00 a.m. to 10:00 p.m.

      Saturday:   10:00 a.m. to 10:00 p.m.

26. From the date of his hire through his termination, Plaintiff worked twelve (12) hours per day six (6) days a week, for a total of not less than seventy-two (72) hours per week.

27. Throughout his employ, Defendants failed to pay Plaintiff any overtime premium at a rate of one and a half (1.5) times his hourly rate for worked done in excess of forty (40) hours per week.

28. From the 2013 through December 2018, Plaintiff was compensated at a rate of twelve dollars fifty cents ($12.50) per hour, regardless of the number of hours worked in each week.

29. Plaintiff was compensated in the form of weekly cash payments of nine hundred dollars ($900.00).

5

30. Beginning January 2019 and continuing through the end of that year, Plaintiff's hourly rate of pay was reduced to twelve dollars ($12.00) per hour for the first forty (40) hours worked, which was paid by check.

31. Accordingly, Plaintiff received weekly payroll checks of four hundred eighty dollars ($480.00).

32. For work performed in excess of forty (40) hours a week throughout 2019, Plaintiff received five hundred twelve dollars ($512.00) cash, regardless of the number of hours worked by Plaintiff or his rate of pay.

33. Beginning January 2020 through his termination on March 12, 2020, Plaintiff's hourly rate of pay was increased to thirteen dollars ($13.00) per hour for the first forty (40) hours worked, paid by check, and five hundred forty-seven dollars ($547.00) in cash for the remainder of hours worked thereafter.

34. At all times relevant herein, Defendants failed to maintain time records for all hours worked by Plaintiff.

35. At all times relevant herein, Plaintiff performed the essential functions of his position in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

36. Defendants willfully disregarded and purposely evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time and attendance sheets and payroll records.

37. During Plaintiff's tenure, Defendants also failed to provide him with written

6

notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195(1).

38. In addition, Defendants failed to provide Plaintiff with wage statements, in accordance with NYLL § 195(3).

## V. CLAIMS FOR RELIEF

### AS AND FOR A FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER THE FLSA

39. Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

40. Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. Defendants were required to pay Plaintiff no less than one and a half (1.5) times the regular rate at which he was employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

42. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff the proper overtime compensation for his hours worked in excess of forty (40) hours per workweek.

43. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

44. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

45. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

46. As a result of Defendants' FLSA violations, Plaintiff has suffered damages by being denied overtime in accordance with the FLSA in amounts to be determined at trial, and is entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME UNDER THE LABOR LAW

47. Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

48. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff one and a half (1.5) times his regular rate of pay for all hours he worked in excess of 40 per workweek.

49. Defendants failed to pay Plaintiff the overtime wages to which he was entitled, violating N.Y. Lab Law § 650 and Part 142 § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

50. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff overtime.

51. Due to Defendants' Labor Law violations, Plaintiff is entitled to recover from

Defendants unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
### FAILURE TO PAY SPREAD-OF-HOURS UNDER THE LABOR LAW

52. Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

53. Defendants willfully failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

54. Due to Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE § 195.1 NOTICE UNDERTHE LABOR LAW

55. Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

56. Defendants willfully failed to supply Plaintiff with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within 10 business days of his first employment date.

57. Due to Defendants' violations of N.Y. LAB. LAW § 195.1, Plaintiff is entitled to

recover from Defendants $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-b (2016).

### AS AND FOR A FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE § 195.3 WAGE STATEMENT UNDER THE LABOR LAW

58. Plaintiff repeats and realleges every preceding allegation as if set forth fully herein.

59. Defendants willfully failed to supply Plaintiff with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

60. Due to Defendants' violations of N.Y. Lab Law § 195.3, Plaintiff is entitled to recover from Defendants $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

### DEMAND FOR TRIAL BY JURY

61. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court grant the following relief:

i. A declaratory judgment stating that the practices complained of herein are unlawful and violate the FLSA and the Labor Law;

ii. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them,

as provided by law, preventing them from engaging in each of the unlawful practices, policies and patterns set forth herein;

iii. An award for earned but unpaid overtime under the FLSA and Labor Law;

iv. An award for earned but unpaid spread-of-hours pay under the Labor Law;

v. A monetary award for Defendants' failure to provide N.Y. Lab. Law § 195.1 Notice;

vi. A monetary award for Defendants' failure to provide N.Y. Lab. Law § 195.3 Statements;

vii. An award of liquidated damages as a result of Defendants' willful FLSA violations;

viii. An award of liquidated damages as a result of Defendants' Labor Law violations;

ix. An award of pre-judgment and post-judgment interest;

x. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

xi.  Such other and further relief as this Court deems just and proper.

Dated: July 1, 2020  
Bohemia, New York

Respectfully submitted,

**ZABELL & COLLOTTA, P.C.**
*Attorneys for Plaintiff Luis Cando*

By: _____
Saul D. Zabell, Esq.
Christopher K. Collotta, Esq.
Ryan T. Biesenbach, Esq.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
T: (631) 589-7242
F: (631) 563-7475
SZabell@laborlawsny.com
CCollotta@laborlawsny.com
RBiesenbach@laborlawsny.com

## VERIFICATION

I, LUIS CANDO, affirm under penalty of perjury, that the contents of the above Complaint were read to me in my native language of Spanish and that the contents of the Complaint are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and that those matters I believe them to be true.

_____
LUIS CANDO

Sworn to before me
this __1__ day of July 2020

_____
Notary Public

I, Aldo J. Hernandez hereby affirm that I am fluent in both English and Spanish; that I am not a party to this action; and on July 1, 2020, I translated the contents of the above Complaint to Luis Cando, the Plaintiff named therein.

_____
ALDO HERNANDEZ

Sworn to before me
this __1__ day of July 2020

_____
Notary Public