Counseling and Advising Clients Exclusively on Laws of the Workplace



Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475

www.Laborlawsny.com

**Ryan T. Biesenbach, Esq.**
Email: RBiesenbach@laborlawsny.com

October 26, 2020

*VIA* ELECTRONIC CASE FILING

The Honorable Joan M. Azrack
United States District Court Judge
United States District Court
Eastern District of New York
Long Island Courthouse
814 Federal Plaza
Central Islip, New York 11722

**Re: Cando v. Portly Fun, Inc, et al.**
**Case No.: 20-CV-03006 (JMA) (ARL)**

Your Honor:

We are counsel to Plaintiff, Luis Cando ("Plaintiff"), in the above-referenced matter. We write jointly with counsel for Defendants Portly Fun, Inc., Gregg Keghlian and Marlene Keghlian (collectively, "Defendants") to respectfully advise the Court that the parties have resolved Plaintiff's claims arising under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The parties seek Your Honor's approval of the terms of the proposed Settlement Agreement (hereinafter the "Settlement Agreement"), annexed hereto as **"Exhibit 1"**.

The parties have concluded that the Settlement Agreement is fair, reasonable, and in the parties' best mutual interests. For these reasons and those set forth below, the Plaintiff and Defendants respectfully request the Court enter an Order approving the FLSA agreement as permissible pursuant to *Cheeks v Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

**A. Procedural Posture**

On July 7, 2020, Plaintiff commenced this action alleging violations of the FLSA, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and NYLL § 190, et seq. [ECF Doc. No. 1]. On June 17, 2020, all Defendants to this action received service of Plaintiff's Summons and Complaint [ECF Doc. Nos. 5, 6, 7]. On August 14, 2020, Defendants filed an Answer to Plaintiff's claims [ECF Doc. No. 9]. On September 24, 2020, the

Initial Conference for this matter was convened before Your Honor, at which time the Parties advised the Court that a settlement in principle had been reached.

B. <u>Plaintiff's Allegations and Issues in Dispute</u>

Defendant Portly Fun, Inc. d/b/a The Portly Villager (the "Portly Villager") is a domestic limited liability company operating at 261 West Main Street, Sayville, New York 11782. The Portly Villager operates as a restaurant and pub. Defendants Gregg and Marlene Keghlian are the owners and principals of the Portly Villager with the authority to: (A) hire and fire employees; (B) supervise and control employee work schedules and the work environment; (C) determine the rates and methods of payment of employees; (D) to maintain employment records for Defendants.

Plaintiff was hired by Defendants in 2005 to assist in the kitchen of the Portly Villager. In this role, Plaintiff was responsible for prepping and cooking customer orders, as well as other general tasks as assigned. Plaintiff's responsibilities did not include the supervision of other employees, nor was he responsible for hiring, firing, or employee compensation or scheduling. Plaintiff was therefore a "non-exempt" employee eligible for overtime premiums for all hours worked in excess of forty (40) hours a week. At all times relevant to his employment for Defendants, Plaintiff performed the essential functions of his position in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

From the date of his hire through his termination on March 12, 2020, Plaintiff regularly worked pursuant to the following schedule:

| | |
|---|---|
| Monday: | 10:00 a.m. to 10:00 p.m. |
| Tuesday: | 10:00 a.m. to 10:00 p.m. |
| Wednesday: | 10:00 a.m. to 10:00 p.m. |
| Thursday: | 10:00 a.m. to 10:00 p.m. |
| Friday: | 10:00 a.m. to 10:00 p.m. |
| Saturday: | 10:00 a.m. to 10:00 p.m. |

Accordingly, Plaintiff worked twelve (12) hours per day six (6) days a week, for a total of not less than seventy-two (72) hours per week throughout his tenure with Defendants. Plaintiff claims that throughout his employ, Defendants failed to pay him any overtime premium at a rate of one and a half (1.5) times his hourly rate for worked done in excess of forty (40) hours per week. Plaintiff further claims that Defendants failed to compensate him appropriate "spread-of-hours" pay; that is, one additional hour's pay at the basic minimum wage rate for each day Plaintiff's spread

of hours exceeded ten hours.

From the 2013 through December 2018, Plaintiff was compensated at a rate of twelve dollars fifty cents ($12.50) per hour, regardless of the number of hours worked in each week. During this period of time, Plaintiff was compensated in the form of weekly cash payments of nine hundred dollars ($900.00).

Beginning January 2019 and continuing through the end of that year, Plaintiff's hourly rate of pay was reduced to twelve dollars ($12.00) per hour for the first forty (40) hours worked, which was paid by check. Accordingly, Plaintiff received weekly payroll checks of four hundred eighty dollars ($480.00). For work performed in excess of forty (40) hours a week throughout 2019, Plaintiff received five hundred twelve dollars ($512.00) cash, regardless of the number of hours worked by Plaintiff or his rate of pay.

Beginning January 2020 through his termination on March 12, 2020, Plaintiff's hourly rate of pay was increased to thirteen dollars ($13.00) per hour for the first forty (40) hours worked, paid by check, and five hundred forty-seven dollars ($547.00) in cash for the remainder of hours worked thereafter.

At all times relevant to Plaintiff's claims, Defendants failed to maintain time records for all hours worked by Plaintiff. More specifically, Defendants willfully disregarded and purposely evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time and attendance sheets and payroll records. Defendants also failed to provide him with written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195(1). In addition, Defendants failed to provide Plaintiff with wage statements, in accordance with NYLL § 195(3).

Defendants dispute Plaintiff's claims.

C. <u>The Settlement Amount</u>

After significant settlement negotiations, the Parties have reached an agreement for the settlement of Plaintiff's claims (the "Settlement Agreement") in the amount of Sixty Thousand Dollars and Zero Cents ($60,000.00) (the "Settlement Payment"), to be paid within thirty (30) days of the Court's approval of the Settlement Agreement.

D. <u>The Proposed Settlement Amount is Fair and Reasonable</u>

In order for the Parties' proposed Fed. R. Civ. P. 41(a)(1)(A)(ii) stipulation of dismissal to take effect, the Court must scrutinize and approve the Settlement Agreement. *Cheeks*, 796 F.3d 199 (2d Cir. 2015). The Court should approve the Settlement so long as it "reflects a 'reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (*quoting Lynn's Foods Stores, Inc., v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

As described in *Beckert v. Rubinov*, No. 15-CV-1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015), "in determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."

The parties disagree regarding the number of hours worked by Plaintiff and Plaintiff's hourly wage. Based upon Plaintiff's allegations, he is owed an amount no less than One Hundred Fifty-Three Thousand Nine Hundred Twenty-Three Dollars ($153,923.00), said sum being comprised, as follows: (1) Fifty Thousand Nine Hundred Ninety-Eight Dollars ($50,998.00) in earned but unpaid overtime compensation; (2) Fifteen Thousand Nine Hundred Fifty-One Dollars ($15,951.00) in earned but unpaid spread-of-hours compensation; (3) Five Thousand Dollars ($5,000.00) for Defendants' violation of NYLL § 195(1); (4) Five Thousand Dollars ($5,000.00) for Defendants' violation of NYLL § 195(3); (5) Fifty Thousand Nine Hundred Ninety-Eight Dollars ($50,998.00) in liquidated damages; (6) Four Hundred Dollars ($400.00) in costs; and (7) Nine Thousand Six Hundred Twenty-Five Dollars ($9,625.00) in attorneys' fees.

Plaintiff's counsel believes that the Settlement Amount is a reasonable result and, as such, it should be approved as a fair settlement. *See Meigel v. Flowers of the World NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9, 2012) ("Typically, courts regard the adversarial nature of a FLSA case to be an adequate






indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve settlement"). The Settlement Amount strikes such a compromise, allowing Plaintiff's recovery of a significant amount – approximately ninety percent (90%) – of the monies alleged to be due and owing for earned, but unpaid, wages that Defendants, again, dispute.

**E. Other Settlement Terms**

The terms of the Settlement Agreement are in accordance with *Cheeks*, 796 F.3d 199 (2d Cir. 2015). The settlement allows for the Settlement Agreement to be publicly filed for the purpose of judicial review for fairness. In accordance with *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015), the Settlement Agreement does not contain any confidentiality or non-disparagement provisions allowing Plaintiff to make truthful statements relating to their recovery amount, Defendants' pay practices, as well as his experience litigating this action. Moreover, under the agreement, Plaintiff is waiving only his wage related claims under the FLSA and NYLL. Further, the matter as to Defendant Greg Keglian shall be dismissed based upon him not being an officer, director, shareholder, principal, member of the board of directors or manager of Portly Fun, Inc. d/b/a The Portly Villager.

**F. Attorneys' Fees are Fair and Reasonable**

The retainer agreement between Plaintiff and Plaintiff's counsel provides for one-third (1/3) of the settlement amount to be received by Plaintiff's counsel. Attorneys' fees in an amount of one-third (1/3) of the settlement amount is ordinary in the Second Circuit. *Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG) (MDG), 2015 WL 3540719, at *2 (E.D.N.Y. June 3, 2015) *citing* 29 U.S.C. § 216(b); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13–CV–3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept.19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery); *Alvarez v Sterling Portfolio Inv. L.P.*, 2017 U.S. Dist. LEXIS 206043, at *12 (E.D.N.Y. Dec. 13, 2017) ("attorney fee awards of one-third of the settlement often strike a balance between excessive attorney fees and effective attorney incentives, and thus advance the FLSA's purpose of ensuring that workers receive fair compensation through litigation with the assistance of counsel, if necessary"); *Williams v. Lipari Trucking, Inc.*, No. 17-CV-6007 (SIL), 2020 U.S. Dist. LEXIS 78988, at *4 (E.D.N.Y. May 5, 2020) ("attorney's fees equate to approximately one-third of the total settlement amount and are thus fair and consistent with the provisions of the agreement between Plaintiffs and their counsel");





Plaintiff's Counsel spent a significant amount of time drafting pleadings and other documents, meeting with Plaintiff, and engaging in settlement negotiations with counsel for Defendants, all of which were necessary and commensurate with ensuring a successful settlement for Plaintiff. Additionally, Plaintiff's counsel has incurred filing fees and service costs. To date, Plaintiff's counsel has expended approximately twenty-eight (28) hours of time in litigating Plaintiff's claims. Of these hours, counsel's Managing Partners expended approximately seven (7) hours (billed at a rate of four hundred fifty dollars ($450.00) per hour; and Associate Attorneys expended approximately twenty-one (21) hours (billed at a rate of three hundred twenty-five dollars ($325.00) per hour). Contemporaneous time records of counsel's efforts are attached hereto as **"Exhibit 2"**.

We thank the Court for its time and consideration in this matter. Counsel for both Parties remain available should Your Honor require additional information in connection with this submission.

Respectfully submitted,

**ZABELL & COLLOTTA, P.C.**

Ryan T. Biesenbach

encl.

cc: Client
All counsel of record (*via* electronic case filing)